LAUREN M. CARSTENSON, APPELLANT, v. GEORGE E. WEINRICH ET AL., APPELLEES.
164 N. W. 2d 655

Filed February 7, 1969. No. 36845.

Chambers, Holland, Dudgeon & Beam, for appellant.

Luebs, Tracy & Huebner, Cunningham & Blackburn, and Harold S. Salter, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an equity action to quiet title in real estate. At issue is the title to 13½ acres of land which on the south borders the present north bank of the Platte River and on the north borders the south edge of plaintiff's deeded property. The district court denied the plaintiff Carstenson relief and quieted title to the property in the defendant Weinrich. We affirm the judgment.

Almost all of the material evidence in this case is undisputed. Defendants Loyal H. Denman and Bernice Weinrich are brother and sister. In 1944 their father died intestate, leaving them the deeded tract now owned by Carstenson, the disputed tract of 13½ acres to the south immediately bordering on the present north channel of the Platte River, and a considerable amount of land to the east. Late in 1944, Loyal H. Denman conveyed all of his interest in the inherited property to his sister, Bernice Weinrich, and she reconveyed to him the tract containing about 39 acres, consisting of hay and meadow land which Denman, in turn, sold to Carstenson about September 5, 1961, the description of the property in the contract being almost identical to that in the quit claim deed received by Denman in 1944 from his sister. Carstenson bought the property from Denman for gravel purposes. Bernice Weinrich and her husband, George, have retained the record title of all of the remaining property that descended intestate to Bernice Weinrich and her brother on her father's death in 1944. The evidence is that for a period of about 60 years the 39-acre tract, hereinafter called the Carstenson tract, was used for a different purpose and function than the 13½-acre tract immediately to the south of it bordering upon the present north channel of the Platte River. For a period of about 60 years there has been a fence on the south side of the Carstenson deeded prop-

erty runing diagonally from the west to the east. The 13½-acre tract stretching south from the deeded property has a different use and function than the Carstenson tract and is mainly used for pasture purposes. Also, for a period of approximately 50 to 60 years, the 13½-acre tract has had a fence enclosing three of its sides, on the west, on the south, and its north fence border being the south fence on the Carstenson deeded property of 39 acres. The east end is open and forms one contiguous and continuous unit with the rest of the Weinrich land.

Carstenson contends that he is the owner of the 13½-acre tract stretching south of his property because it is accretion and reliction land that he is entitled to because of his ownership of the deeded Carstenson tract of 39 acres. The evidence shows that the south fence of the Carstenson tract runs generally almost on the edge of the "old" north bank channel of the Platte River. The evidence also fairly demonstrates that at sometime in the remote past the 13½-acre tract formed to the south where it now borders the present north channel of the Platte River or the edge of the "wet stream." Also, although not pertinent in the discussion of these issues, the evidence shows that a portion of the 13½-acre tract to the north next to the old north bank channel on which the south fence of the Carstenson tract is located, fills with water intermittently during the years. The 13½-acre tract that is in dispute here, by the undisputed evidence, has been formed and been fenced for a period of at least 50 years, and many years prior to the death of the elder Denman and the conveyances and redivision of the property between Loyal H. Denman and his sister Bernice Weinrich, the defendants in this action.

We find it unnecessary to discuss the abstract arguments and issues raised in the brief concerning whether this is accretion or reliction property, or as to whether Loyal H. Denman intended to convey this property as an appurtenance to the deeded 39 acres that he conveyed to Carstenson by metes and bounds under his contract

of September 5, 1961. The evidence is conclusive that Bernice and George Weinrich have established their ownership to this 13½-acre tract by actual, open, exclusive, and continuous possession under a claim of ownership under the statutory period of over 10 years. The general rule is well stated in Krimlofski v. Matters, 174 Neb. 774, 119 N. W. 2d 501, wherein we said as follows: "The claim of title to land by adverse possession must be proved by actual, open, exclusive, and continuous possession under a claim of ownership for the statutory period of 10 years. The possession is sufficient if the land is used continuously for the purpose to which it may be in its nature adapted." Carstenson himself, having bought the land for gravel purposes only, makes no contention or claim that he ever was in actual use or possession of the 13½-acre tract in any manner whatsoever. The evidence is conclusive that the sole use of this property was pasture land for cattle. The evidence shows that Denman pastured cattle in conjunction with Weinrichs on the disputed property until 1946 and that he has never made any claim or any use of any nature whatsoever to the accretion or reliction land south of the Carstenson tract since 1946. The Weinrichs and a disinterested witness, one Lawrence Wiese, age 75, a lifetime resident of the area, testified that the Weinrichs had been running cattle on the land in dispute since prior to 1947. The east border of this property had no fence on it, was open, and all of this land was used continuously by the Weinrichs. The Weinrichs' testimony that they had used this property for pasturing cattle continuously, openly, and exclusively under a claim of ownership since about 1946 is undisputed. Denman corroborated this testimony. The only shadow on this testimony is the testimony of Carstenson that in securing the deeded property from Denman in 1961, Denman told him that he also owned the accretion land to the south and that he wes permitting the Weinrichs to pasture their cattle on the property. Carstenson knew

that the Weinrichs were using the property and were using it exclusively for their own purposes and he so testified. Denman categorically denied this testimony and testified that never at any time in the history of the property had he claimed title to or possession to the 13½-acre tract south of the deeded property which he conveyed to Carstenson by almost an identical metes and bounds conveyance by which he had received it in 1944. Besides the other testimony, the contract of sale of real estate corroborates Denman's testimony in several respects. Probably the most important one is that the property was sold by the acre and, under the contract, Carstenson was to pay so much per acre according to what a survey would show. Carstenson himself had the survey made and the purchase price was paid according to a precise number of acres that were found as a result of the survey. In any event, besides these corroborating circumstances, the trial court saw and observed the witnesses, heard the testimony, and founded its decision upon the theory of adverse possession. We can find no basis in the record for overturning this conclusion. We also note that the land was purchased for the purpose of digging gravel and that the property immediately south of the 13½-acre tract is not suited in its present state for this purpose. This land borders on the Platte River and at times a portion of it is under water. It is not suitable for farm land or for any other purpose but which it has been used exclusively by the Weinrichs, mainly, the pasturing of cattle. It opens and forms a part of the other property that the Weinrichs own to the east and along the present north bank channel of the Platte River. Carstenson recites the old case of Opp v. Smith, 96 Neb. 224, 147 N. W. 672 (1914), to the effect that adverse possession of property cannot be acquired in Nebraska by virtue of the pasturing of cattle. That case involved pasturing on open range and the circumstances in this case of the 13½-acre, fenced-in tract, opening up and used in conjunction with the rest of the

Weinrichs' property clearly distinguishes it. Our recent cases have held that possession is sufficient if the land is continuously used for the purpose in which it may, by its nature, be adapted. Krimlofski v. Matters, *supra*. At the time of the purchase, Carstenson knew of the Weinrichs' ownership, made no check as to what claim they were making, and admitted they were in possession and he knew they were using it.

Summarizing, the land Carstenson is claiming has been fenced off and used in connection with the land to the east owned by the Weinrichs for a minimum of about 45 years. The Weinrichs owned all of this property after a deed from Denman to his sister, Bernice Weinrich, after the reconveyance to him of the deeded tract by metes and bounds that Carstenson received under his contract. Denman has made no claim to the land that is in dispute. The Weinrichs have used this land, suitable only for pasture land, continuously under a claim of ownership and exclusively since about the year 1946. During that period of time no person has ever made any other use of the property. We come to the conclusion that the Weinrichs' title has been established to this disputed tract of 13½ acres by virtue of the doctrine of "adverse possession." The trial court came to the same conclusion, based upon the evidence and the law, and we find no reason to disturb this finding and the judgment based thereon.

The judgment of the district court is affirmed.

AFFIRMED.